Date signed August 19, 2010



DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF MARYLAND
#### at Baltimore

| | | | |
|---|---|---|---|
| In Re: | * | | |
| PATRICIA ANN WAGSTAFF, | * | Case No. | 07-13101DK |
| | * | Chapter | 13 |
| | * | | |
| Debtor | * | | |
| ****************************** | * | | |
| PATRICIA ANN WAGSTAFF, | * | | |
| | * | | |
| | * | | |
| Plaintiff | * | Adversary Proceeding No. |
| vs. | * | 08-00204DK |
| DEUTSCHE BANK NATIONAL TRUST CO., | * | | |
| AS TRUSTEE, ET AL., | * | | |
| | * | | |
| Defendants | * | | |

### MEMORANDUM OF DECISION

The Plaintiff and Defendants filed Cross-Motions for Summary Judgment as to the remaining issue in this adversary proceeding. The court held a hearing on July 30, 2009, upon the Motions for Summary Judgment after which the court required post-argument briefing by the parties as to one issue. The Plaintiff and Defendants filed memoranda of law and the court took the matter under advisement. The decision in the matter has been delayed by the court, overly long perhaps, originally with the expectation that given the *de minimis* amount left in controversy, a compromise would lead to a

disposition of this adversary proceeding by consent of the parties. That has not happened and the court now grants the Defendants' Motion for Summary Judgment fully disposing of the remaining issues in this adversary proceeding.[1]

The remaining point in controversy in this adversary proceeding is whether or not IndyMac Federal Bank, FSB, predecessor-in-interest of the Defendants, through its attorneys, Bierman, Geesing & Ward, LLC improperly included in amounts claimed as due and owing a $100.00 charge for a title commitment. That charge was included in amounts asserted to be due and owing within a proof of claim and two subsequent amendments to the proof of claim filed in the underlying bankruptcy case.[2] Earlier in this adversary proceeding, Defendants acknowledged that $75.00 of foreclosure fees and costs which had been included in the original proof of claim and first amended proof of claim were charged for services actually not rendered during the foreclosure which was stayed by the filing of a bankruptcy case. The second amended proof of claim removed the $75.00 charge. The only remaining issue is the $100.00 charge discussed hereinafter.

Included in the foreclosure and fees and costs is an amount for $100.00 for obtaining a title insurance commitment. The Plaintiff argues that a title insurance commitment is not a permitted charge to be borne by the borrower under the terms of the deed of trust. Defendants assert to the contrary under the facts of this case. Paragraph 14 of the deed of trust in evidence as an exhibit to the motions for summary judgment contains language permitting the lender to charge the borrower for fees for

---

[1] Earlier in the adversary proceeding, the court awarded sanctions in favor of Plaintiff and against Defendants for failure to properly provide discovery as to a title insurance commitment. The court has separately held under advisement the amount of such sanctions to be awarded. By separate Order entered contemporaneously with this Order, the Court resolves that remaining outstanding issue.

[2] Plaintiff filed an objection to the allowance of the claim of the Defendants and that contested matter is also determined by the outcome of this adversary proceeding.

services performed in connection with a borrower's default for the purpose of protecting lenders interest in the property and rights under the security instrument including, but not limited to attorneys' fees. The paragraph specifically states that the paragraph is not limited to a specific fee described therein. In addition, paragraph 22 of the deed of trust provides in part that upon default lender shall be entitled to collect all expenses incurred in pursuing the remedy provided in the deed of trust, including but not limited to reasonable attorneys' fees "and costs of title evidence."

The Defendants assert that these provisions contained in the deed of trust permit the Defendants to properly have charged to the account of the debtor and included in the proof of claim a $100.00 charge for a title commitment fee. It is the contention of the Defendants that the title commitment was a necessary investigation by the holder of the deed of trust note through its counsel to determine whether marketable title could be conveyed at a foreclosure auction. The Defendants cite the case of *Zepp v. Darnall*, 191 Md. 68, 59 A.2d 774 (1948), in which it is stated:

> It is well understood that a bidder at a mortgage sale bids on the assumption that he will receive a marketable title. A title, to be marketable, need not be free from every conceivable technical criticism; objections which are merely captious, although within the range of possibility, should be disregarded by the Court. The test for determining the marketability of a title is whether there is any color of outstanding title or any doubt sufficient to raise a reasonable probability that the purchaser may be subjected to the hazard of litigation to defend his title. A purchaser of real estate should not be compelled to accept a deed with a defective title, but he has the right to demand a title which will give him reasonably safe possession, and protect him from the anxiety that annoying suits may be brought against him, and, if he wishes to sell the property, to make him reasonably sure that no flaw or doubt will appear to affect its value. In other words, to be marketable, a title must be one which a reasonably intelligent purchaser, who is well informed as to the facts, would be willing to accept in the exercise of ordinary business prudence.

*Id*. at 73-74, 59 A.2d at 776 (citations omitted).

It is correct that a foreclosing mortgagee or trustee under deed of trust is required to provide the quality of title provided under law, the deed of trust, and the representations of the selling party

in advertising the auction sale. Although the deed of trust, as is customary, provides under paragraph 22 that the trustee shall deliver to a purchaser a trustee's deed which conveys the property without any covenant or warranty expressed or implied, title conveyed must be substantially in accord with that offered under the terms of sale in accordance with the above-quoted provision in the opinion of the Maryland Court of Appeals in *Zepp*.[3] The foreclosing creditor should be allowed reasonable fees for necessary investigations to understand what the title records, including judgments and other sources of liens, reflect as to the property at the time of the foreclosure auction.

However, marketable title is not the same as insurable title. The terms of the deed of trust in this case and the requirement of a foreclosing creditor to deliver marketable title do not entitle the creditor to charge against the borrower any additional cost or fee incurred by the foreclosing creditor to make available a policy of title insurance. Often the highest bidder at a foreclosure auction may be the beneficiary of the deed of trust (lender). In such case lender will usually offer for sale the property which it acquired through the foreclosure auction and may wish to make sure that the property can be insured at regular rates as to title. The private contract entered into by and between the parties in such a subsequent transaction may require insurable title in its terms. However, the cost of providing such or the opportunity for such insurance cannot be added to the cost borne by the original borrower.

In the matter before the court, a title abstract was obtained by counsel prosecuting the foreclosure action in favor of the Defendants. The cost for title abstract is not challenged. However, in addition, lender's counsel ordered a title commitment, not a title policy. The title issuance commitment is issued by First American Title Insurance Company based upon the

---

[3] That is not to say that every foreclosure provides unencumbered title. A foreclosure of a deed of trust or mortgage which is subordinate in priority to other liens generally is a foreclosure sale subject to such superior liens.

information contained in the title abstract provided by Harbor City Research, Inc.  Both documents are part of the evidence attached to Defendants' Motion for Summary Judgment.  The title insurance commitment commits upon contingencies to issue an owner's policy insurance of the title provided that there is sufficient proof of the successful completion of the foreclosure action and subject to certain listed encumbrances upon the property reflected in the title abstract (property report) from Harbor City Research.

It would appear the title issuance commitment in this case serve two purposes.  It provided an explanation and examination of the raw information contained in the property report.  It further provided a legal right to the recipient of the commitment to purchase title insurance upon satisfaction of a number of conditions contained in the commitment.  The former purpose may be part of a legitimate examination of evidence of title as provided for under paragraph 22 of the deed of trust while the latter privilege is clearly beyond the scope of that provision.  There is no way for the court to divide the $100.00 charge between the two purposes.

The court finds there is no per-se rule concerning all such documents as to whether or not the charge for a "title issuance commitment" can or cannot be included in foreclosure costs.  Each case will have to be determined upon the specific factual circumstances of that case.  For example, if, unlike this case, a separate charge was included in the attorneys' fee of the foreclosing counsel for review of the title abstract or report, a charge for a title insurance commitment might be unsupportable.  However, in this case there is no evidence that counsel independently reviewed the abstract but instead had the review done by the title insurance company.  Given the modest fee in question it cannot be determined by this court that  it would have been less expensive or more reasonable for counsel to have undertaken the review of the abstract and the determination as to the state of the marketability of title.  Therefore, under the facts of this case, the court cannot and will

not determine that the $100.00 charge is improperly included in the costs listed in the amended proof of claim.

For these reasons, the court will enter an Order granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment.


cc:   All Counsel
      All Parties

**End Of Order**